**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4204**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IVON JOSHUA WRIGHT, a/k/a Red,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:14-cr-00067-RAJ-LRL-4)

Submitted:  October 23, 2018                          Decided:  October 25, 2018

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Alexandria, Virginia, Amanda C. Conner, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Darryl J. Mitchell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ivon Joshua Wright appeals the district court's judgment revoking his supervised release and imposing a 10-month sentence followed by an additional 9-month term of supervised release. Wright contends that this sentence is plainly procedurally unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "In determining whether a sentence is plainly unreasonable, we first decide whether the sentence is unreasonable . . . follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006). "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017); *see* 18 U.S.C. § 3583(e) (2012). Only if a sentence is found procedurally or substantively unreasonable will we assess whether it is plainly so. *Slappy*, 872 F.3d at 208.

The district court revoked supervised release after Wright admitted to using heroin and failing to satisfactorily participate in mental health treatment and submit urine samples. At the revocation hearing, Wright presented as mitigating factors his physical and mental health problems, posttraumatic stress disorder, and grief over the recent death

2

of his daughter, and he asked the court to continue his supervision.  The district court specifically considered these arguments, along with the fact that Wright was employed at the time of the hearing, but concluded that a 10-month sentence—at the top of Wright's advisory policy statement range—was the appropriate sentence.

In imposing a 10-month sentence, the district court noted that it had previously revoked Wright's supervised release based on the same pattern of conduct and found that the prior revocation sentence did not deter Wright's continued heroin use.  Although the district court did not cite the applicable 18 U.S.C. § 3553(a) factors, the court provided a sufficiently detailed explanation to show that it had considered those factors, as well as the advisory policy statement range.  We therefore conclude that Wright's 10-month sentence is procedurally reasonable, as is his additional 9-month term of supervised release—particularly in light of Wright's request for the court to allow him to stay on supervised release in lieu of incarceration.

Accordingly, we affirm the district court's revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*